JASPER HAYNES *et al.*, plaintiffs in error, *vs.* J. R. BATTLE, defendant in error.

A new trial will not be granted on the ground that the verdict does not cover the issues submitted, where the record is so defective as not to show precisely how the case was submitted to the jury, and what was before them when they rendered their verdict.

Practice in the Supreme Court. New Trial. Before Judge CLARK. Schley Superior Court. October Term, 1876.

Reported in the decision.

B. P. HOLLIS; GUERRY & SON; S. C. ELAM, for plaintiffs in error.

HAWKINS & HAWKINS, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action to recover from the defendant eighty acres of land, described in his declaration. On the trial of the case, an equitable plea having been filed by the defendant, alleging a mistake in the description of the number of the lot of land in the deeds, the jury found the following verdict: "We, the jury, find the seventy acres of land off of the last survey for the defendant, and decree that the deeds, one from C. B. Hudson, assignee of Smith, and one from Jasper Haynes to C. R. Battle, and one

from C. R. Battle to J. R. Battle, be reformed, so as to make them read as follows, to-wit: the northwest corner and side of lot number 234, instead of lot number 233, the same being a mutual mistake of the parties." The plaintiff made a motion to set aside the verdict, and for a new trial, on the grounds therein set forth, which was overruled by the court, and the plaintiff excepted.

The principal ground of error insisted on here was, that the verdict did not cover the issues made by the pleadings, inasmuch as it did not find the balance of the land sued for, over and above the seventy acres, for either the plaintiff or defendant. It appears from the evidence in the record, that the parties had submitted the matter in controversy between them, respecting the land, to the decision of arbitrators, and that their award was read in evidence to the jury; but what the award of the arbitrators was, the record does not disclose.

The verdict of the jury, under our practice, was in the nature of a decree in equity, and it may have been rendered in accordance with their views of the equitable rights of the parties as settled by the award of the arbitrators. If the award of the arbitrators did not authorize the verdict as found and decreed by the jury, it was incumbent on the plaintiff in error to have shown it by the production of the award. The burden of showing that the verdict and decree of the jury was inequitable and unjust, was upon the plaintiff in error, and that not being made affirmatively to appear in the record, we affirm the judgment of the court below.

Judgment affirmed.